**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Terrie Rae TURBIVILLE, Defendant—Appellant.**

**No. 07–30030.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Brad L. Arndorfer, Esq., Billings, MT, for Defendant–Appellant.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Terrie Rae Turbiville appeals from the district court's decision, following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Turbiville contends that her due process rights were violated when the district court did not allow her to present new evidence during the *Ameline* remand. This contention is foreclosed by *United States v. Combs,* 470 F.3d 1294, 1296–97 (9th Cir.2006). Turbiville also contends that the district court failed to comply with this court's re-sentencing order. Her contention is belied by the record. During the initial appeal this court did not ultimately remand for a full re-sentencing.

We also conclude that the district court did not clearly err in making its drug quantity approximation. *See United States v. Kilby,* 443 F.3d 1135, 1141 (9th Cir.2006). The district court was entitled to rely on the admissions of Turbiville's coconspirator regarding the amount of methamphetamine he produced. *See id.* ("[T]he information which supports an approximation must possess sufficient indicia of reliability to support its probable accuracy."). Based on the record on a whole, Turbiville could reasonably foresee the manufacture of at least 50 grams of methamphetamine. *See United States v. Ortiz,* 362 F.3d 1274, 1275 (9th Cir.2004).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.